DION JERMAINE ANDERSON,

Plaintiff,

v.                                                          Case No. 25-cv-1231-bhl

ELIZABETH VARGAS,
KAREN SHARP, and
VICKI SEIBEL-GORVEY,

Defendants.

## SCREENING ORDER

Plaintiff Dion Jermaine Anderson, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was on extended supervision.  On March 9, 2026, the Court screened the complaint and after concluding it failed to state a claim on which relief could be granted, gave Anderson the opportunity to file an amended complaint, which he did on March 25, 2026.  The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Anderson, while he was on supervised release, Elizabeth Vargas, his supervising agent, banned him from going into the north side of Milwaukee because he "got into it" with his younger daughter. He asserts that she refused to let him attend the viewing of his brother, who had been murdered. Anderson was allowed to go to the funeral, but he was told to sit on the opposite side of the church if his daughter was there. Anderson asserts that the conditions of his release did not prohibit him from going to Milwaukee and that she could have put in a no-contact order with regard to his daughter. Anderson asserts that Vargas' supervisors, Karen Sharp and Vicki Seibel-Garvey "had something to do with" the travel ban. Dkt. No. 18.

## THE COURT'S ANALYSIS

Anderson, who was on supervised release in connection with his conviction in Waukesha County Case No. 2021CF919, asserts that his due process rights were violated by his supervising agent when she placed an unreasonable restriction on his movement by "banning" him from entering the north side of Milwaukee despite no such restriction being imposed by the sentencing court. The Seventh Circuit has stated that, while ordinary citizens have a protected right to travel, parolees have no right to control where they live; "the right to travel is extinguished for the entire balance of their sentence." *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003). In other words, the punishment for Anderson's crimes included "stripping him of control over where he shall live." *Alonzo v. Rozanski*, 808 F.2d 637, 638 (7th Cir. 1986); *see also Kinder v. Merceds Cnty.*, 2010 WL 4483818, at *2 (E.D. Cal. Nov. 1, 2010) (holding that plaintiff failed to state a claim against a parole officer who exercised his discretion to deny a parolee's request to attend a funeral in the southern part of the state because a "person's criminal conduct within a state necessarily qualifies his right thereafter to travel interstate").

Moreover, to the extent there is a protected liberty interest in travel during supervised release, Anderson's own allegations make it clear that his supervising agent had a "valid, rational connection to a legitimate governmental interest" in imposing the limited restriction. *Turner v. Safely*, 482 U.S. 78, 89 (1987). According to Anderson, he "got into it" with his younger daughter. As such, prohibiting his travel to the area where she resides not only protects his and her safety but also promotes Anderson's rehabilitation and reintegration into society. Anderson insists that

2

his supervising agent should have imposed a no-contact order rather than a travel ban, but it has long been held that courts "should ordinarily defer to [officials'] expert judgment" in how best to balance all of the competing considerations.  *See Pell v. Procunier*, 417 U.S. 817, 828 (1974). Anderson therefore fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

3